# U.S. COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 25-2173

LABORATORY CHARTER SCHOOL,
Appellant

v.

M.R.S., BY AND THROUGH HER PARENT SHARONA SMITH; SHARON SMITH,
INDIVIDUALLY

—————————————

Appeal from the U.S. District Court, E.D. Pa.
Judge Juan R. Sánchez, No. 2:21-cv-05538

—————————————

Before: PORTER, MONTGOMERY-REEVES, and BOVE, *Circuit Judges*
Submitted Apr. 8, 2026; Decided Apr. 21, 2026

—————————————

NONPRECEDENTIAL OPINION[*]


MONTGOMERY-REEVES, *Circuit Judge.* In this appeal under the Individuals with Disabilities Education Act ("IDEA"), Laboratory Charter School ("Lab Charter") seeks reversal of a District Court's order holding that Lab Charter denied M.R.S., a disabled minor, a Free Appropriate Public Education ("FAPE") for her sixth-grade year, and awarding M.R.S. partial compensatory education. We agree with the District Court's conclusions, so we will affirm the District Court's judgment.[1]

---

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

[1] The District Court had jurisdiction under 20 U.S.C. § 1415(i)(3)(A) and 28 U.S.C. § 1331. We exercise jurisdiction under 28 U.S.C. § 1291.

First, the District Court did not commit reversible error in finding that Lab Charter denied a FAPE to M.R.S. in her sixth-grade year.[2] The District Court found that Lab Charter failed to reevaluate M.R.S. for a new Individualized Education Program ("IEP") by April 4, 2020—even though the IDEA mandated this reevaluation. *See* 20 U.S.C. § 1414(a)(2)(B)(ii) (requiring, at minimum, triennial reevaluations); *Ridley Sch. Dist. v. M.R.*, 680 F.3d 260, 269 (3d Cir. 2012) ("The IEP is . . . the primary mechanism for delivering a FAPE." (citation and quotation marks omitted)). What is more, the District Court noted that an independent evaluation of M.R.S. revealed that the IEP Lab Charter eventually put in place was insufficient.[3] Our own review of that evaluation reveals that M.R.S. suffered from several mental-health issues, including "[s]ignificant symptoms of depression," "[s]ignificant variability on cognitive ability testing," "[s]ignificant problems on tasks of executive functioning," and "[s]ignificant academic weaknesses across reading, writing and math." Joint Appendix (hereinafter "App. __") 710. And if those difficulties

---

[2] Whether Lab Charter fulfilled its FAPE obligations is a question "subject to clear error review as [a] question[] of fact." *P.P. ex rel. Michael P. v. W. Chester Area Sch. Dist.*, 585 F.3d 727, 735 (3d Cir. 2009). That highly deferential standard demands our adherence to the District Court's factual findings unless those findings are not "plausible in light of the record viewed in its entirety." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573–74 (1985).

[3] Lab Charter assails the District Court for failing to accept the state administrative officer's credibility determinations as to this independent evaluation. But our law does not require unbridled deference to state agencies. *See S.H. v. State-Operated Sch. Dist. of Newark*, 336 F.3d 260, 270 (3d Cir. 2003) ("Factual findings from the administrative proceedings are to be considered prima facie correct. If a reviewing court fails to adhere to them, it is obliged to explain why." (citation modified)). Here, the District Court explained why it departed from the officer's determinations. And the officer did not make credibility findings because, as M.R.S. points out, the author of the evaluation did not testify.

did not put Lab Charter on notice of the need for a new IEP, M.R.S.'s "lack of progress in school" should have. *Lab'y Charter Sch. v. M.R.S. ex rel. S.S.*, No. 21-cv-5538, 2025 WL 1508020, at *4 (E.D. Pa. May 27, 2025) (citing 20 U.S.C. § 1414(a)(2)(A)(i)). Still, Lab Charter did not reevaluate M.R.S.'s IEP. *See Endrew F. ex rel. Joseph F. v. Douglas Cnty. Sch. Dist. RE-1*, 580 U.S. 386, 399 (2017) ("To meet its substantive obligation under the IDEA, a school must offer an IEP reasonably calculated to enable a child to make progress appropriate in light of the child's circumstances.").

Lab Charter counters that the District Court overlooked the school's "reasonable efforts to educate M.R.S." and "develop a new IEP." Opening Br. 20. Even accepting Lab Charter's view of the record, we cannot reverse just because we "would have weighed the evidence differently." *Anderson*, 470 U.S. at 574; *see also Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 277 (3d Cir. 2007) (noting that challengers must "provide[] evidence that overcomes the deference that we must give to . . . factual findings"). But also, the District Court did not overlook Lab Charter's efforts to educate M.R.S. To the contrary, the District Court considered that Lab Charter made "significant efforts to address" M.R.S.'s sixth-grade academic challenges. *Lab'y Charter Sch.*, 2025 WL 1508020, at *3. It found those efforts insufficient for the reasons discussed above. And we see no reversible error in those findings.

Second, we also see no reversible error in the District Court's award of partial compensatory education to M.R.S.[4] The District Court awarded compensatory education for

_____

[4] We review that award for abuse of discretion. *Ferren C. v. Sch. Dist. of Phila.*, 612 F.3d 712, 716 (3d Cir. 2010) (citing *Lester H. v. Gilhool*, 916 F.2d 865, 872 (3d Cir. 1990)).

M.R.S.'s sixth-grade year, less two months for "the time reasonably required for the school district to rectify the problem." *Lab'y Charter Sch.*, 2025 WL 1508020, at \*5 (quoting *D.F v. Collingswood Borough Bd. of Educ.*, 694 F.3d 488, 499 (3d Cir. 2012)).

Lab Charter argues that the District Court abused its discretion because it awarded M.R.S. compensatory education for 81.5 days that she was absent. The school attributes those absences to M.R.S.'s struggles with remote education during the COVID-19 pandemic, not its denial of a FAPE. We disagree. Lab Charter is correct that the IDEA generally does not contemplate compensatory education for factors beyond the school's control. *See Mary T. v. Sch. Dist. of Phila.*, 575 F.3d 235, 251 (3d Cir. 2009) (refusing to award compensatory education for a period in which a student suffered an acute medical condition). But we also hold schools liable for periods "accru[ing] from the point that the school district knows or should know of the IEP's failure." *M.C. ex rel. J.C. v. Cent. Reg'l Sch. Dist.*, 81 F.3d 389, 396 (3d Cir. 1996); *see also Ferren C.*, 612 F.3d at 717 (reasoning that compensatory education is "a remedy to compensate the student for rights the district already denied because the School District violated the statutory rights while the student was still entitled to them" (citation modified)). As the District Court found, Lab Charter was on notice that its IEP failed M.R.S. at least as early as the beginning of her sixth-grade year—thus at least partially explaining M.R.S.'s absenteeism. Because the District Court

---

"An abuse of discretion occurs when a district court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact." *Id.* (citing *P.N. v. Clementon Bd. of Educ.*, 442 F.3d 848, 852 (3d Cir. 2006)).

plausibly found that fact, we discern no abuse of discretion in its award of compensatory education.

For the forgoing reasons, we will affirm the District Court's judgment.